UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOPHIA BIERMAN,

    Plaintiff,

v.                                                    Case No. 16-cv-1389-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 2) AND ORDERING DEFENDANT TO FILE ANSWER NO LATER THAN SEPTEMBER 7, 2018**

      Plaintiff Sophia Bierman, who is representing herself, filed a complaint in Waukesha County Circuit Court in September 2016, suing the Social Security Administration ("SSA"). Dkt. No. 1-1. The defendant removed the case to federal court and filed a motion to dismiss the case on the doctrine of derivative jurisdiction, arguing that the plaintiff could not proceed in federal court because the law required her to file the case in federal court—instead of state court—in the first instance. Dkt. No. 2. The court ordered the plaintiff to file a response to the motion, but the court then lost track of the case in its case management system. The delay is the court's fault, and the court's alone—the court apologizes to both parties for its error. The court will deny the defendant's motion to dismiss and order the case to proceed.

**I.     Background**

On September 15, 2016, the plaintiff filed a complaint in Waukesha County Circuit Court. Dkt. No. 1-1. The complaint alleged that under 26 U.S.C. §6702, which the plaintiff described as "tax code submitting inaccurate information to the IRS," the SSA submitted an inaccurate 1099 form to the IRS for tax year 2009. Id. at 3. The plaintiff alleged that in tax year 2009, the SSA reported to the IRS that the plaintiff received $51,280 in disability payments, when she had received only $22,900 that year. Id. She asserted that she had been asking the defendant to give her a corrected 1099, so that she could file an amended 2009 tax return. Id. The plaintiff alleges that since 2009, the IRS has "been adding fines, penalties and late fees," doubling the amount of money that the defendant claims to have paid the plaintiff. Id. at 4. She says that, while the defendant's own statement says that she repaid $22,990, it also says that "a check was returned to [SSA] that [the plaintiff] never received and a 2nd checked [sic] was sent to [the plaintiff] that I did receive in the amount of $22,900." Id. The plaintiff alleged that because of the SSA's error, the IRS had been trying to collect $28,000 from her. She seeks damages for emotional distress under Wis. Stat. §895.443, contributory neglect under §895.045, punitive damages under §893.043 as well as damages from the Wisconsin Department of Revenue. Id. at 4.

On October 17, 2016, the defendant filed a notice of removal, alleging that 28 U.S.C. §1346 gave the United State District Courts (the federal courts) original jurisdiction over any civil cases brought against the United States,

founded on any Act of Congress or any regulation of an executive department. Id. at 1. The defendant asserted that "Title 28 U.S.C. §§ 1441, 1442(a)(1) allows the Defendant to remove this action to the United States District Court for the Eastern District of Wisconsin." Id. at 2. That same day, the defendant filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 2. The motion claims that "a federal court's § 1442 removal jurisdiction is derivative" of the state court's jurisdiction, and because the state court did not have subject matter jurisdiction over the plaintiff's claims, this court did not have jurisdiction after removal. Id. at 2. The defendant argued that the state court did not have jurisdiction because "judicial review of the [SSA's] actions is available exclusively under 42 U.S.C. § 408(g)," which requires a plaintiff to see such judicial review in federal court. Id. The defendant also asserted that, to the extent that the plaintiff was trying to recover "personal-injury-type damages" from the SSA, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80, gave federal courts exclusive jurisdiction over personal injury claims against the government. Id. Finally, the defendant argued that if the plaintiff was trying to allege that the SSA violated her civil rights, the state court did not have jurisdiction over such claims because the United States has sovereign immunity. Id. at 2-3.

The court issued an order instructing the plaintiff to respond to the motion to dismiss, dkt. no. 7, and the plaintiff the plaintiff filed a brief in opposition, dkt. no. 8. The plaintiff repeated that she was suing the SSA under 26 U.S.C. §6702, id. at 1, and attached exhibits in support of her claim, dkt.

nos. 8-1 through 8-3. In her opposition, she asked the court to order the defendant to file a corrected Form-1099 for her to present to the IRS. Dkt. No. 8 at 5. The defendant did not file a reply.

## II. Motion To Dismiss (Dkt. No. 2)

### A. Defendant's Argument

In the SSA's motion to dismiss, it argues that the court must dismiss the case under the doctrine of derivative jurisdiction. Dkt. No. 2 at 2. The defendant says that the "derivative jurisdiction" doctrine provides that "[i]f the state court where an action was initially filed lacked subject matter jurisdiction over the action, a federal court acquires none upon removal, even if the federal court would have had jurisdiction if the case were originally brought in federal court." Id. at 2 (citing Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The defendant asserts that the doctrine remains appropriate for removals under 28 U.S.C. §1442(a), and that the plaintiff's claims fall under the Federal Tort Claims Act ("FTCA") which granted exclusive jurisdiction to the federal district courts for such personal injury claims. Id. at 2. Because the federal courts have exclusive jurisdiction over the plaintiff's claims, the defendant argues, the Waukesha County Circuit Court would not have had jurisdiction over the case, which means that this court does not have jurisdiction on removal, which means that the court must dismiss the case. Id. at 2-3.

B. Analysis

1. Plaintiff's Claims

The plaintiff filed a case in state court, alleging that the SSA provided incorrect information to the IRS regarding the amount of disability payments she received in tax year 2009. She sued under 26 U.S.C. §6702.

Congress titled 26 U.S.C. §6702 "Frivolous tax submissions." The statute allows the Secretary of the IRS to assess a $5,000 penalty against a person who files a frivolous tax return. 26 U.S.C. §6702. This section, read together with 26 U.S.C. §6671, does not provide a right for a private citizen to sue the person who allegedly filed the frivolous return; it is the Secretary of the Treasury who may assess and collect the penalty under §6702.

The law, however, requires courts to "liberally construe" claims filed by a person who is representing herself. See, *e.g.*, Erickson v. Pardus, 551 U.S. 89, 94 (2007). The plaintiff's claim that the SSA provided false information to the IRS could implicate a cause of action under 26 U.S.C. §7434, "Civil damages for fraudulent filing of information returns." Subsection (a) of that statute says that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person for so filing such return." 26 U.S.C. §7434(a). The plaintiff's allegations fit: She says that for tax year 2009, the SSA reported that she received a disability payment of $51,280 on her 1099 form. She claims that this information was inaccurate, because she received

only $22,900 in disability payments in tax year 2009, and she implies that the defendant knew this.

  2. Removal

When a plaintiff files a case in state court, Congress grants defendants the right to "remove" the case to federal court if the defendant can show that it meets certain statutory requirements. Defendants commonly rely on either 28 U.S.C. §1441—known as the "general removal" statute—or 28 U.S.C. §1442(a)—known as the "federal agency or officer removal" statute. Section 1441 allows for removal based on the type of case; in other words, it allows a defendant to remove a case to federal court if the plaintiff could have brought the case in federal court originally, but instead chose to file the case in state court. Section 1442(a)(1) allows for removal based on the particular defendant that a plaintiff sues; it allows "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof" to remove a case to federal court, if the case is "for or relating to any act under color of such office or on account of any right, title or authority claimed under Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. §1442(a)(1). Here, the defendant alleges that it removed the plaintiff's case under *both* 28 U.S.C. §1441 and §1442(a).

For removal to be proper under §1441, the federal court would have to have had "original jurisdiction" over the plaintiff's case. Stripped of legalese, this means that the law would have had to authorize the federal court to hear

6

the case if the plaintiff had filed it in federal court to begin with. Section §1331 of Title 28 says that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Liberally construing the plaintiff's claim as a claim that the defendant violated 26 U.S.C. §7434, the plaintiff has brought a case under the laws of the United States—the tax code is a "law of the United States"—and therefore the federal district courts had original jurisdiction to hear the plaintiff's case. The defendant properly removed this case under §1441.

Similarly, for the defendant's removal to be proper under §1442(a), the defendant would have to show that the plaintiff brought the case against "the United States or any agency thereof," for actions that the defendant took "under color of office." 28 U.S.C. §1442(a)(1). The SSA is an agency of the United States, and arguably, the SSA reported the plaintiff's disability payments to the IRS under the color of its office. The defendant properly removed this case under §1442(a).

### 3. Doctrine of Derivative Jurisdiction

In <u>Rodas v. Seidlin</u>, 656 F.3d 610, 615 (7th Cir. 2011), the Seventh Circuit Court of Appeals explained the doctrine of derivative jurisdiction:

> when a case is removed from state to federal court, the jurisdiction of the latter is said in a limited sense to derive from the former. Accordingly, where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction.

<u>Rodas v. Seidlin</u>, 656 F.3d 610, 615 (7th Cir. 2011) (internal citations and quotations omitted). The <u>Rodas</u> court noted that the doctrine "has been

7

criticized a great deal over the course of many years." Id. at 619. (citing Washington v. Am. League of Prof'l Baseball Clubs, 460 F.2d 654, 658-59 (9th Cir. 1972); 14B Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE §3722, at 339-42 (4th ed.2009)). The Rodas court observed that, while the doctrine applied to removals under §1442, Congress had done away with the doctrine for removals under §1441. Id. at 618. The court pointed to 28 U.S.C. §1441(f), which specifically states that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

In its notice of removal, the defendant cited *both* §1441 and §1442. Dkt. No. 2 at 2 ("Title 28 U.S.C. §§ 1441, 1442(a)(1) allows the Defendant to remove this action to the United States District Court for the Eastern District of Wisconsin.") In its motion to dismiss, however, the defendant stated that "the United States Attorney removed this action under 28 U.S.C. § 1442(a) . . . ." Dkt. No. 2 at 1. While the defendant acknowledged in the motion that Congress did away with the doctrine of derivative jurisdiction for §1441 removals, the defendant based its entire argument on the doctrine of derivative jurisdiction—apparently believing that it had removed the case only under §1442.

The defendant did not acknowledge in the motion to dismiss that it had cited §1441. Nor did it explain why the court should ignore that fact, and analyze the motion to dismiss as if the defendant had not cited §1441. In describing the derivative jurisdiction statute, the defendant cited a case,

8

however, in which another judge in this district dismissed a case on derivative jurisdiction grounds, despite the SSA having cited both §§1441 and 1442(a). In Norwood v. Colvin, Case No. 15-CV-217 (E.D. Wis. 2015), Magistrate Judge Nancy Joseph considered the identical situation to the one presented here: the SSA had cited both §1441 and §1442(a) in the notice of removal, but had argued derivative jurisdiction required dismissal under §1442(a). Id. at Dkt. No. 9, page 2 (April 21, 2015 order dismissing case). Judge Joseph stated that,

> [d]espite [the SSA Commissioner's] citation to both statutes, it appears the Commissioner intended to invoke § 1442(a), as the body of the removal papers asserts removal in relation to actions brought in state court against the United States and its agencies and employees. Further, in her motion to dismiss, the Commissioner asserts that the action was removed under § 1442(a). Thus, I will construe the Commissioner's removal papers as invoking § 1442(a) as her basis for removal.

Id.

The Norwood decision is not binding on this court, and this court will not construe the defendant's notice of removal as being limited to §1442(a). The defendant cited both provisions, and removal was proper under both provisions. If the defendant had cited only §1442(a) in its removal notice, the derivative jurisdiction doctrine would have deprived this court of jurisdiction. But removal was proper under §1441, and the court will deny the motion to dismiss on that basis.

C.  Next Steps

The court has not acted in this case in a very long time. The court has no excuse for the delay, but it can offer an explanation, for whatever it is worth. Two years ago, one of the four Milwaukee district court judges passed away,

and the President has not appointed his replacement. There are now three district judges doing the work of four. This heavier case load has resulted in some cases falling through the cracks, and this is one of those cases. The court can only apologize to the parties, and take steps now to move the case forward expeditiously.

### III.  Conclusion

The court **DENIES** the defendant's motion to dismiss the case. Dkt. No. 2.

The court **ORDERS** that the defendant shall answer or other respond to the complaint by the end of the day on **September 7, 2018.** Once the defendant responds to the complaint, the court will contact the parties to discuss the next steps.

Dated in Milwaukee, Wisconsin this 8th day of August, 2018.

           **BY THE COURT:**

           _____
           **HON. PAMELA PEPPER**
           **United States District Judge**