UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOPHIA BIERMAN,

        Plaintiff,

v.                                                         Case No. 16-cv-1389-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (DKT. NO. 15)**

        This case was removed from state court to federal court in October 2016. Dkt. No. 1. The same day, the defendant moved to dismiss the case. Dkt. No. 2. A month or so later, the court ordered the plaintiff to respond to that motion. Dkt. No. 7. The plaintiff filed an opposition brief on December 14, 2016. Dkt. No. 8. The case then sat idle for twenty months, solely through the fault of this court. Then, on August 8, 2018, the court issued an order liberally construing the plaintiff's claims and denying the motion to dismiss. Dkt. No. 10. The court ordered the defendant to answer or otherwise respond to the complaint, id.; on October 11, 2018, the defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment, dkt. no. 15. The plaintiff responded. Dkt. No. 16. Because the plaintiff has not stated a claim for which a federal court may grant relief, the court will dismiss the case.

## I. INTRODUCTION

### A. August 8, 2018 Order

The court's August 8, 2018 order first recounted the claims in the complaint:

> The complaint alleged that under 26 U.S.C. §6702, which the plaintiff described as "tax code submitting inaccurate information to the IRS," the SSA submitted an inaccurate 1099 form to the IRS for tax year 2009. Id. at 3. The plaintiff alleged that in tax year 2009, the SSA reported to the IRS that the plaintiff received $51,280 in disability payments, when she had received only $22,900 that year. Id. She asserted that she had been asking the defendant to give her a corrected 1099, so that she could file an amended 2009 tax return. Id. The plaintiff alleges that since 2009, the IRS has "been adding fines, penalties and late fees," doubling the amount of money that the defendant claims to have paid the plaintiff. Id. at 4. She says that, while the defendant's own statement says that she repaid $22,990, it also says that "a check was returned to [SSA] that [the plaintiff] never received and a 2nd checked [sic] was sent to [the plaintiff] that I did receive in the amount of $22,900." Id. The plaintiff alleged that because of the SSA's error, the IRS had been trying to collect $28,000 from her. She seeks damages for emotional distress under Wis. Stat. §895.443, contributory neglect under §895.045, punitive damages under §893.043 as well as damages from the Wisconsin Department of Revenue. Id. at 4.

Dkt. No. 10 at 2.

The court observed that the plaintiff had alleged that 26 U.S.C. §6702, titled "Frivolous Tax submissions," gave her the ability to file a case in federal court. Id. at 5. The court's order informed the plaintiff that that section did not provide a private right of action for a citizen to sue the person who allegedly filed the frivolous return. Id. Because the plaintiff didn't have a lawyer helping her with the complaint, however, the court liberally construed her claims, speculating that her allegations might fit under 26 U.S.C. §7434, "civil damages for fraudulent filing of information returns." Id. The court denied the

2

defendant's motion to dismiss (which was based on a theory of "no derivative jurisdiction"), apologized for the delay and ordered the defendant to respond to the complaint. Id. at 7-9.

B. Defendant's Motion to Dismiss (Dkt. No. 15)

After the court granted an extension of time, dkt. no. 14, the defendant responded to the plaintiff's complaint by filing a motion to dismiss, dkt. no. 15. He asked the court to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6); alternatively, he asked the court to grant summary judgment under Fed. R. Civ. P. 56. Id.

Under Rule 12(b)(1), the defendant asserts that the plaintiff cannot sue under 26 U.S.C. §7434. Id. He argues that the plaintiff alleged that the Social Security Administration had misstated the amount of disability benefits on her "1099" form. Dkt. No. 15 at 12 (citing Dkt. No. 1-1 at 3). He says that the "1099" form to which the plaintiff refers is Form SSA-1099, which the SSA mails to beneficiaries so that beneficiaries can report the amount of benefits they received to the IRS. Id. at 12-13. The Commissioner asserts that whether the 1099 form was misleading is irrelevant because 26 U.S.C. §7434(f) limits the types of false "information returns" for which a taxpayer may recover to the nine listed in 26 U.S.C. §6724(d)(1)(A). Id. at 13 (citing Cavoto v. Hayes, 634 F.3d 921, 924 (7th Cir. 2011)). Form SSA-1099 is not on this list of nine. Accordingly, the Commissioner argues that the plaintiff has no basis for bringing a claim under 26 U.S.C. §7434 because her 1099 form is not an "information return" for which the statute allows her to recover. Id.

3

Also under Rule 12(b)(1), the Commissioner contends that the plaintiff has not exhausted her claim under the Federal Tort Claims Act ("FTCA"). Id. The commissioner observes that the FTCA provides the exclusive waiver of sovereign immunity for tort actions seeking monetary damages against the United States, its agencies and its employees. Id. at 13-14. He asserts that the FTCA required the plaintiff to file her claim with the appropriate federal agency before filing a suit in federal court. Id. at 14 (citing 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993)). The Commissioner points out that the plaintiff has not alleged that she followed the steps in 20 C.F.R. §429.101-110, which shows that she has not exhausted her remedies and requires the court to dismiss the case. Id.

The Commissioner's argument under Rule 12(b)(6) is brief; he asserts only that the plaintiff has not proven that the court has jurisdiction over the claim. Id. at 15.

Finally, the Commissioner asks the court to grant summary judgment because "the evidence plainly demonstrates that Defendant did not send an inaccurate Form SSA-1099 to Plaintiff regarding her benefits in 2009." Id. at 16. He reviews the Form SSA-1099 form sent to the plaintiff and explains that the numbers on the form were not misleading but were an accurate accounting of the benefits that had been dispensed. Id. He says the form accurately advised the plaintiff what she should report as income to the IRS. Id.

The plaintiff responded on October 25, 2018. Dkt. No. 16. She asserted that she wanted this court to proceed under "State Statute USC$6702 tax Code

4

submitted inaccurate information to the IRS." Id. at 1. She explained that this is the same statute that the court applied in Waukesha County Case No. 2014CV991882, <u>Sophia Bierman v. Charles A. Kass, Marianne Kass</u>. She says that in 2011, Marianne Kass filed an incorrect 1099 for her for $29,900 when it should have been $2,900. In that case, she says that "Judge Van De Water ruled that Charles A. Kass DDS had to file an Affidavit of Correction for the 1099 and had to be filed with the IRS and Wisconsin Department of Revenue on [her] behalf." Id. The plaintiff then notes that in the Commissioner's original motion to dismiss the federal case, the Commissioner asserted that he had removed the case to federal court because the state court lacked jurisdiction. Id. (apparently referencing Dkt. No. 2 at 2). She argues that in the second motion to dismiss, the commissioner is arguing that *this* court does not have jurisdiction and that she has not stated a claim. Id. at 2. The plaintiff sees these two positions as contradictory and confusing. Id. She also asserted that she "always" has stated a claim. Id. "I am filing under the Federal Tort Claims Act for recovery of personally injury" and that she "has been damaged by this action of error on behalf of the government who has failed to correct this SSA-1099 after multiple attempts on my part." Id.

As to whether she has stated a claim for which this court can grant relief, the plaintiff asserted that she has suffered emotional distress and has had to hire attorneys and tax organizations to try to sort out the problem, with no success. Id. at 3. She alleges that in December of 2017, she received a letter from Pioneer Credit Recovery stating that the Department of the Treasury had

5

recruited them to collect $36,721,90 from her. Id.; see also, Dkt. No. 16-1 at 7-8 (copy of the letter from Pioneer). She says that she responded to this letter and that, two weeks after the initial letter, Pioneer Credit Recovery sent her a response informing her that they were no longer seeking to collect from her. Id.; see also Dkt. No. 16-1 at 9-11 (the plaintiff's letter to Pioneer and Pioneer's response). The plaintiff also attached to her brief a June 8, 2018 letter from the Department of Treasury stating that "WE COULDN'T ALLOW YOUR CLAIM" which explains the Department of Treasury's position that "The Form SSA-1099 you attached in your response matches the figures already reported to us by the Social Security Administration." Dkt. No. 16-1 at 12. The plaintiff argued that these documents illustrated the "emotional roller coaster" that she has had to endure "because of some ones error and the refusal on the part of the Social Security administration . . . ." Dkt. No. 16 at 3. The plaintiff perceives that in its second motion to dismiss, the Commissioner is agreeing that the documents she has submitted are authentic, which in the plaintiff's view means that the SSA produced an erroneous Form 1099 and caused her stress and expense. Id. at 4. She concluded by asking this court to require the SSA to provide her with a corrected Form 1099 and an affidavit stating that she received only $28,290 less $5,300 for attorneys. Id. at 6. She also asks for a court order "to this affect so this matter can be rectified . . . ." Id.

The Commissioner did not file a reply.

## II. ANALYSIS

### A. Standard

The defendant has moved to dismiss the plaintiff's complaint under Rules 12(b)(1) and 12(b)(6). The defendant's arguments in support of dismissal under Rule 12(b)(1) (dismissal for lack of subject-matter jurisdiction) fit more comfortably under Rule 12(b)(6); the defendant argues that the plaintiff's allegations do not state a claim under 26 U.S.C. §7434 because she has not alleged that the SSA sent her a false "information return" as that term is defined by §7434(f) and 26 U.S.C. §6724(d)(1)(A). This argument challenges the sufficiency of the plaintiff's complaint—a Rule 12(b)(6) argument. Similarly, the Commissioner casts his failure to exhaust argument as a Rule 12(b)(1) jurisdictional issue. Though perhaps an academic distinction,[1] the Seventh Circuit has found that the FTCA exhaustion requirement is "not jurisdictional." Glade *ex rel.* Lundskow v. United States, 692 F.3d 718, 723 (7th Cir. 2012). The defendant's failure to exhaust argument also falls under Rule 12(b)(6). Peterman v. United States, No. 13-3320, 2014 WL 1345938, at *3 (C.D. Ill. Apr. 4, 2014).

---

[1] See Palay v. United States, 349 F.3d 418, 424 (7th Cir. 2003) ("We need not resolve the ongoing uncertainty as to whether [FTCA exhaustion and statutory exceptions] should or should not be labeled jurisdictional. What is at stake in this appeal is [plaintiff's] right to proceed beyond the pleading stage on his claims. The only sense in which the appropriate characterization of the statutory exceptions and prerequisites to suit would matter is if the district court, believing these matters to be jurisdictional, had exercised its authority under Rule 12(b)(1) to look behind the plaintiff's allegations and make factual findings for purposes of assessing its subject matter jurisdiction.")

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must include "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through [the plaintiff's] allegations, show that it is plausible, rather than merely speculative, that [she] is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting Lang v. TCF Nat'l Bank, 249 F. App'x 464, 466 (7th Cir. 2007)). A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (quotations omitted). On a Rule 12(b)(6) motion, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted). Because the plaintiff is representing herself, and doesn't have a laywer, the court is obliged to liberally construe the allegations in the complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

B. Discussion

The commissioner identifies two problems with the plaintiff's complaint. The first is that while she says that she is entitled to relief under 26 U.S.C. §6702 (which imposes penalties on a person who files a frivolous tax return), that statute does not provide a private right of action, and the statute that *does* provide a private right of action to someone like the plaintiff, 26 U.S.C. §7434,

8

does not cover Forms 1099. The second is that the plaintiff has not exhausted her administrative remedies, which the Federal Court Claims Act requires her to do before she can sue a United States agency such as the SSA.

1. *Whether the plaintiff can proceed under 26 U.S.C. §7434*

The plaintiff's response brief does not acknowledge the court's explanation that she does not have a private right of action under 26 U.S.C. §6702. She continues to assert that her claim arises under §6702 and the Federal Tort Claims Act; her brief does not mention 26 U.S.C. §7434. Dkt. No. 16. The court will not repeat its previous discussion of why the plaintiff cannot use §6702 to bring a claim against the SSA.

In liberally construing the plaintiff's complaint, the court previously found that the plaintiff's allegations *might* state a claim under 26 U.S.C. §7434. The commissioner points out, however, that that statute prohibits someone from filing a fraudulent "information return," and that a Form 1099 is not an "information return" under the definitional section of the tax code.

26 U.S.C. §7434(a) provides:

> If any person willfully files a fraudulent *information return* with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(Emphasis added). Subsection (f) of the same section defines "information return," saying that "[f]or purposes of this section, the term 'information return' means any statement described in section 6724(d)(1)(A)." Section 6724(d)(1)(A) lists nine "statements" –it does *not* list Form 1099.

9

The Seventh Circuit has held that "[t]he remedy created by §7434 is limited in scope. The types of false 'information returns' for which an injured taxpayer may recover are limited to the nine listed in 26 U.S.C. §6724(d)(1)(A)." Cavoto, 634 F.3d at 924. In Cavoto, the Seventh Circuit analyzed a plaintiff's allegation that his former mother-in-law had filed a fraudulent Form 1099-C with the IRS stating that she had discharged a $30,000 debt owed to the plaintiff. Id. at 922. The plaintiff sued under 26 U.S.C. §7434(a) claiming that the defendant had filed a fraudulent "information return." Id. On appeal, the Seventh Circuit observed that Form 1099-C did not appear in the list of nine "information returns" under 26 U.S.C. §6724(d)(1)(A). The court concluded that "[t]hose nine do not include returns related to the cancellation of indebtedness, *i.e.* a Form 1099-C. This limitation was overlooked by the district court, which should have dismissed [the plaintiff's] lawsuit outright under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." Id.

Given the language of the statute, and the Seventh Circuit's holding in Cavoto, this court must dismiss the plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. The plaintiff alleges that the defendant sent her an incorrect "1099," formally titled "FORM SSA-1099." See Dkt. No. 16-1 at 23. That form does not appear on the list of forms under 26 U.S.C. §6724(d)(1)(A). Cayoto held that the list in §6724(d)(1)(A) is exclusive and said that if a plaintiff brings an allegation about a form not listed in §6724(d)(1)(A) under §7434, the district court should dismiss the case for failing to state a claim. That is what this court must do.

2. *Failure to Exhaust under the FTCA*

Even if the plaintiff could show that her Form SSA-1099 qualified as an "information return" under §7434(f) and §6724(d)(1)(A), she could not recover money damages. Although the plaintiff did not mention the money damages in her brief opposing the motion to dismiss, the complaint she filed in Waukesha County sought $30,000 in punitive damages, $28,000 in fees to the IRS, and $10,305.42 "that the Wisconsin Department of Revenue had levied against [her] for this error . . . ." Dkt. No. 1-1 at 4.

The United States is a sovereign and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act ("FTCA"), passed in 1946, serves as the United States' exclusive waiver of sovereign immunity—its consent to be liable in suit—for money damages for certain torts committed by federal employees. Id. In order to maintain a suit for tort damages against the United States or its agencies, a plaintiff must comply with the requirements of the FTCA.

The FTCA contains an exhaustion requirement. Section 2675(a) of Title 28 provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his

11

> claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil, 508 U.S. at 113.

The SSA has regulations outlining the steps a claimant needs to take before proceeding with a Federal Tort Claims Act ("FTCA") claim. 20 C.F.R. §§429.101-110. They require a claimant to obtain a claim form from the SSA's Office of General Counsel and file a claim by sending the form to "Social Security Administration, Office of the General Counsel, Office of General Law, 6401 Security Boulevard, Room 617 Altmeyer Building, Baltimore, Maryland 21235-6401." 20 C.F.R. §429.102(c).

The plaintiff's pleadings indicate that she has taken multiple steps to remedy her situation. She says she has visited the SSA office in Waukesha, Wisconsin. Dkt. No. 16 at 3. She submits correspondence she has received from the Department of the Treasury in response to an inquiry she made about her SSA-1099 form. Dkt. No. 16-1. She says she's incurred legal fees.

The plaintiff does not, however, allege that she took the steps outlined in 20 C.F.R. §429.102; she does not say that she's written to the SSA's Office of General Counsel or that she's submitted Standard Form 95, as required by 20 C.F.R. §429.102(a) to initiate an FTCA claim against the SSA. Because the law requires a plaintiff to exhaust her administrative remedies before pursuing an

12

FTCA claim, and because she hasn't shown that she did that, the court would have to dismiss her case even if she had a claim under 26 U.S.C. §7434.

   3. *Prior litigation*

 A final word. The plaintiff tells the court that she filed a similar case in Waukesha County Circuit Court in 2014 against Marianne and Charles Kass. She says that in that case, the defendants filed a Form 1099 for her for the year 2011 that reflected about $29,000 when it should have shown only $2,900. Dkt. No. 16 at 1. She says "Judge Van De Water" ordered the defendants to file an affidavit of correction, and she wonders why this case should be any different. Id. The public docket for the state courts, the Wisconsin Circuit Court Access Program, shows that the plaintiff did file a lawsuit in September 2014 against Marianne and Charles Kass. Bierman v. Kass, 2014CV001882 (Waukesha County Circuit Court), accessible at https://wcca.wicourts.gov. The judge assigned to the case at that time was Judge Linda Van De Water. Id. The docket does not reflect the cause of action—it doesn't show which law the plaintiff sued under. The docket indicates only that the case was "civil" and sought a "money judgment." Id. The docket does show that on February 18, 2015, Judge Van De Water indicated that Marianne Kass's attorney "will draft an affidavit and attach to 1099 signed by the Cass's to be sent to the IRS," and then the court agreed to dismiss the case without prejudice. Id. Judge Van De Water signed the order dismissing the case on March 10, 2015. Id.

The court assumes that Marianne and Charles Kass were private citizens; here, the plaintiff has sued a federal agency, and must follow the law for suing a federal agency. The court does not know what law the plaintiff sued under in Waukesha County Circuit Court; in this case, the plaintiff has sued under a federal law that does not provide her a private right of action. Even if she had sued under a law that does provide a private right of action, that law does not cover Forms 1099, and the plaintiff has not exhausted her remedies for suing a federal agency for a tort violation.

The plaintiff has asserted that she has suffered emotional and financial stress as a result of what she claims is the error in reporting the amount of her Social Security income. The court does not doubt that the plaintiff has suffered such stress, but she has not stated a claim for which this federal court may grant relief.

## III. CONCLUSION

The court **GRANTS** the defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). Dkt. No. 15.

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**